**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CARL ROBERT SMITH, JR.,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:17-CV-00284
CRIM. NO. 2:14-CR-00176
JUDGE MICHAEL H. WATSON
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a federal prisoner, brings this *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 115.) Petitioner challenges his underlying criminal convictions pursuant to his guilty plea on possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1), and § 924(a)(2), and transportation in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2421. He asserts that he was denied the effective assistance of counsel, because his attorney failed to file an appeal after being requested to do so, due to the change in the terms of his negotiated *Plea Agreement*. Petitioner further alleges that his attorney deceived him into signing a second plea agreement, whereby he agreed to consecutive, rather than concurrent, terms of incarceration, and lost the benefit of application of the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015) (declaring the "residual clause" of the Armed Career Criminal Act "ACCA" to be constitutionally invalid). Petitioner contends that he should be serving a maximum term of ten years of imprisonment.

On April 27, 2017, the Court granted Respondent's request to hold the case in abeyance pending Petitioner's submission of a written waiver of his attorney-client privilege. (ECF No. 124.) On May 30, 2017, Petitioner submitted a *Notice of Waiver of Attorney Client Privilege*.

(ECF Nos. 125, 126.)  Respondent now has filed a *Motion for Leave to Conduct Discovery and Request for Order to Comply.*  (ECF No. 127.)  Respondent requests an additional sixty (60) days thereafter to file a response to the § 2255 motion.

For the reasons that follow, Respondent's *Motion for Leave to Conduct Discovery and Request for Order to Comply*  (ECF No. 127) is **GRANTED.**

Respondent may interview Petitioner's former counsel, but only to the extent necessary to litigate Petitioner's habeas claims.  Counsel is **ORDERED** to cooperate in this regard, to the extent necessary to address Petitioner's claim of the denial of the effective assistance of counsel.

Respondent shall file a response to the remainder of Petitioner's claims within sixty (60) days.

Petitioner may file a response within twenty-one (21) days thereafter.

### Request for Discovery

Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, Respondent requests the Court to issue an order authorizing the government to conduct discovery on the limited issue of whether Petitioner requested his attorney to file a notice of appeal, and the nature and circumstances of any conversations regarding Petitioner's appellate rights.  Respondent also seeks an order from the Court directing Petitioner's former counsel to cooperate in this regard. *Motion of the United State[s] for Leave to Conduct Discovery and Request for Order to Comply* (ECF No. 127.)

Petitioner raises an allegation which, if true, may warrant relief.  The failure of an attorney to file a timely appeal upon a defendant's request constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the

> defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. See *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Dav*is, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores—Ortega*, 528 U.S. 470, 478 (2000). "[E]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012).

Additionally, as previously discussed, Petitioner has implicitly waived his attorney-client privilege as it relates to his allegations regarding the denial of the effective assistance of counsel. (Court's Order, 5/18/2017, ECF No. 124, PageID 416-17.) Indeed, "[t]he Supreme Court's pathmarking ineffective-assistance case, *Strickland v. Washington*, itself hinted at this

3

requirement." *United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) (citing *Strickland*, 466 U.S. 668, 691 (1984) ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions.")). The American Bar Association has also recognized the limited waiver of the attorney-client privilege under such scenario.

> [O]n July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10–456, entitled "Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim."
> ***
>
> [T]he ABA acknowledges in the opinion that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information[.]" . . . [T]he ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to "court-supervised" proceedings, rather than *ex parte* meetings with the non-client party.
>
> Simply put, the filing of an ineffective assistance of counsel claim does not operate as an unfettered waiver of all privileged communications.

*Young v. United States,* Nos. 2:13-cv-10108, 2:09-cr-00223-01, 2013 WL 2468623, at *2 (S.D. W. Va. June 7, 2013). As the court in *Wadford v. United States*, No. 2:06-cv-01294-PMD-1, 2011 WL 3489808 (D. S.C. Aug. 9, 2011) surmised as to the ABA Opinion:

> [T]he opinion itself notes that, "[a] client who contends that a lawyer's assistance was defective waives the privilege with respect to communications relevant to that contention." *Id*. at 2 n. 9 (quoting Restatement (Third) of the Law Governing Lawyers § 80(1)(b) & cmt. c (2000)). Additionally, an ABA Ethics Opinion is not binding, and the opinion correctly states that, "the laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling." *Id*. at 1, n.1.

*Id*. at *8 (concluding that the petitioner had waived the attorney-client privilege by the filing of the § 2255 motion).

Thus, where, as here, a petitioner alleges that he was denied the effective assistance of counsel in § 2255 proceedings, "courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege." *United States v. Clark*, No. 1:10-cr-366, 2013 WL 74616, at *1 (W.D. Mich. Jan. 7, 2013) (citing *Drake v. United States*, No. 3:05–00209, 2010 WL 3059197, at *1–2 (M.D.Tenn. July 30, 2010); *United States v. Palivos*, No. 08 CV 5589, 2010 WL 3190714, at *7 (N.D. Ill. Aug.12, 2010). This waiver will be limited solely to any communications by Petitioner with his counsel which may be pertinent to his current claims for relief. *See In re Lott*, 424 F.3d at 453 ("Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'") (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2012); *see also United States v. Lossia*, No. 04-80482, 2008 WL 192274, at *2 (E.D. Mich. Jan. 23, 2008) ("Respondent is permitted to interview Petitioner's former counsel, but only to the extent necessary to litigate Petitioner's habeas claims.") (citation omitted). Further, it has been this Court's practice to require a petitioner to submit a written waiver of his attorney-client waiver as it relates to the claims made in the § 2255 motion. *See Szewczyk v. United States*, Nos. 2:11-cv-786, 2:10-cr-91, 2013 WL 950872, at *2 (S.D. Ohio March 12, 2013); *Allman v. United States*, Nos. 2:05-cv-262, 2:03-cr-188, 2005 WL 3263300 (S.D. Ohio Nov. 30, 2005) (denying Petitioner's motion to strike affidavit of his former defense counsel submitted in response to his claim of the denial of the effective assistance of counsel in § 2255 proceedings as barred by the attorney-client privilege).

Therefore, Respondent's *Motion for Leave to Conduct Discovery and Request for Order to Comply.* (ECF No. 127) is **GRANTED.** Respondent may interview Petitioner's former

counsel, but only to the extent necessary to litigate Petitioner's habeas claims. Counsel is **ORDERED** to cooperate in this regard, to the extent necessary to address Petitioner's claim of the denial of the effective assistance of counsel.

Respondent shall file a response to the remainder of Petitioner's claims within **SIXTY (60) DAYS** of the date of this Order.

Petitioner may file a response within **TWENTY-ONE (21) DAYS** thereafter.

**IT IS SO ORDERED**.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge